FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2008 MAY 30 AM 9: 47

CLERK_____
SO. DIST. OF GA.

DUBLIN DIVISION

| | |
|---|---|
| MELVIN VARGAS-BONILLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-046 |
| ) | |
| WALT WELLS, Warden CCA/McRae, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.[1]

### I. BACKGROUND

Petitioner was charged by a grand-jury with illegal reentry in violation of 28 U. S. C. § 1336(A) and (B)(2). (Doc. no. 1, p. 2). On November 21, 2006, Petitioner plead guilty to the charges, and he was sentenced to twenty-four (24) months in prison. (Id.). Petitioner maintains that, under the Bureau of Prisons's ("BOP") calculation of his sentence of

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

confinement, he is projected to be released on August 18, 2008. (Id.). However, Petitioner concludes that the BOP has improperly calculated his sentence of confinement because it has calculated his sentence from the date his sentence was imposed and has not included the time he served prior to his sentencing. (Id.). Therefore, according to Petitioner his release date should have been May 4, 2008. (Id.).

Candidly, Petitioner admits that he has not attempted to exhaust administrative remedies. (Id. at 3). Nevertheless, Petitioner submits that the exhaustion requirement of 42 U.S.C. § 1997e(a) does not apply to properly filed § 2241 petitions. (Id.). Petitioner further explains that, because the § 2241 exhaustion requirement in the Eleventh Circuit is judicially created, it may be waived in extraordinary cases such as this one. (Id. at 4).

In this regard, Petitioner argues that "at least three broadsets of circumstances excuse administrative exhaustion: (1) where prejudice to the prisoner's subsequent court action may result, for example, from an unreasonable or indefinite time frame for administrative action; (2) where the administrative agency may not have the authority to grant effective relief; or (3) where the administrative body is known to be biased or has predetermined the issue before it." (Id. at 4 (internal quotation marks and citations omitted)). Petitioner maintains that "'requiring administrative review would be [to] demand a futile act' as the 'purposes of exhaustion would not be served by requiring [Petitioner] to exhaust the multi tiered [BOP] and [Corrections Corporation of America] complaint process." (Id. at 4- 5). The Court resolves the matter as follows.

2

## II. DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed.

3

Appx. 356, 358 (11th 2006).² Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."³ Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295).

In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of

---

²The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 Fed. Appx. at 358, the issue is somewhat unsettled in light of the Supreme Court's recent ruling in Bowles v. Russell, 551 U.S. ____, 127 S.Ct. 2360 (2007). In that case, the Supreme Court held that the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, where the petitioner filed an untimely notice of appeal, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Bowles, 551 U.S. at ____, 127 S.Ct. at 2361. In its analysis, the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Id. However, unlike the instant case, Bowles did not involve a federal petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or exhaustion of administrative remedies.

³"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

4

demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.[4]

Here, Petitioner has shown neither the existence of exceptional circumstances, nor the futility of administrative review. Notably, Petitioner's belief that he need not exhaust his administrative remedies because his presumptive release date has passed is insufficient to make the remedy futile, and has been rejected by the Eleventh Circuit. See Gonzalez v. United States, 959 F.2d at 212 (requiring Petitioner to exhaust his administrative remedies even though his presumptive release date had passed). In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

---

[4]In Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), also admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue . . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP is enforcing a regulation "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Rather, Petitioner asserts that the BOP has erroneously failed to credit him with time he served prior to his sentencing. Therefore, the critical facts of Jones dissimilar from those presented in this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this 30th day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE